UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Case No. 06-CV-424

Mary Forrest,

    Plaintiff,

vs.

All Cities Mortgage and Financial, Inc.,

    Defendants.

**PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**

    Based upon the parties' Stipulation Re Confidential Documents and pursuant to Local Rule 26.4 for good cause shown, it is hereby Ordered:

a.     Pursuant to Local Rule 26.4 of the United States District Court for the Eastern District of Wisconsin, upon showing of good cause, the Court hereby enters a protective order regarding confidentiality of all documents produced in the course of discovery, all answers to interrogatories, all answers to request for admission, and all deposition testimony. The protective order takes the following form:

1.     Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word 'CONFIDENTIAL.' One who provides material may designate it as 'confidential' only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the

event that documents are produced for inspection at the party's facilities, such specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3. Information or documents designated as confidential under this Rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Rule to any other person or entity, except that disclosures may be made in the following circumstances:

(I) Disclosures may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must

be advised of, and becomes subject to, the provisions of this Rule requiring that the documents and information be held in confidence.

(II) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(III) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Rule.

(IV) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as 'experts') employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Rule requiring that the documents and information be held in confidence.

5. Except as provided in Subparagraph (4), counsel for the parties must keep all documents designated as confidential which are received under this Rule secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as 'copies') of documents or information designated as confidential

under this Rule, or any portion thereof, must be immediately affixed with the word 'CONFIDENTIAL' if that word does not already appear.

7. To the extent that any answers to interrogatories, transcripts of depositions, responses to request for admissions, or any other papers filed or to be filed with this Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.' A reference to this Rule may also be made on the envelope.

(b) The designation of confidentiality by a party may be challenged by the opponent upon motion. The movant must accompany such a motion with the statement required by Local Rule 37.1. The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

(c) At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Rule must be returned to the originating party. If the parties so stipulated, the material may be destroyed.

Dated: September 8, 2006　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　　**s/ Rudolph T. Randa**
　　　　　　　　　　　　　　　　　　　　　　Honorable Rudolph T. Randa
　　　　　　　　　　　　　　　　　　　　　　Chief Judge