# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY FORREST,**

           Plaintiff,

                                                               **Case No. 06-C-424**

    -vs-

**ALL CITIES MORTGAGE
AND FINANCIAL, Inc.,**

           Defendant.

## DECISION AND ORDER

This is a putative class action alleging violations of the Fair Credit Reporting Act ("FCRA"). Steven Theesfeld ("Theesfeld") of Yost & Baill, LLP, Minneapolis, Minnesota, attorney for All Cities Mortgage and Financial, Inc. ("All Cities"), moves to withdraw as counsel. Theesfeld states that All Cities is shutting down business effective November 1, 2007 and the attorney-client relationship was terminated as a result. Theesfeld's motion to withdraw is granted. *See Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (attorney in civil action should be allowed to withdraw where client will not pay for legal services).

After Theesfeld moved to withdraw, Forrest moved for an order requiring All Cities to preserve documents related to this lawsuit. Forrest argues that All Cities' business shutdown raises the possibility of evidence spoliation. Forrest offers no evidence that All Cities is actually destroying evidence or failing to retain relevant documentation. In this light, Forrest's motion is unnecessary. All Cities' duty to prevent spoliation of relevant evidence is inherent in the judicial process. *See, e.g., Zubulake v. UBS Warburg LLC*, 220

F.R.D. 212, 218 (S.D.N.Y. 2003); *Danis v. USN Comm., Inc.*, No. 98 C 7482, 2000 WL 1694325, at *33 (N.D. Ill. Oct 23, 2000) (formal discovery request is not necessary to trigger duty to preserve evidence). All Cities' business shutdown does nothing to impact this inherent duty.

Finally, this case cannot proceed while All Cities is unrepresented. *See Old Ben Coal Co. v. Office of Workers' Compensation Programs*, 476 F.3d 418, 418-19 (7th Cir. 2007) (corporation cannot appear *pro se* in federal court). Therefore, All Cities must obtain counsel within thirty days of the date of this order. Failure to do so may result in the entry of an adverse judgment against it.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Theesfeld's motion to withdraw [Docket No. 19] is **GRANTED**;

2. Forrest's motion to preserve evidence [Docket No. 23] is **DENIED** without prejudice; and

3. All Cities must obtain counsel within thirty (30) days of the date of this order. All Cities' new attorney should enter an appearance in that same time frame. Failure to do so may result in the entry of an adverse judgment against All Cities.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**